IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN MARSTON and BELAL SAFI, on behalf of themselves and others similarly situated, | : : : : : | CIVIL ACTION<br><br>ELECTRONICALLY FILED ON DECEMBER 20, 2019 |
| Plaintiff, | : : | |
| v. | : : | CLASS ACTION |
| S-L DISTRIBUTION COMPANY, LLC, | : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## COMPLAINT – CLASS ACTION

Kevin Marston ("Marston") and Belal Safi ("Safi") (together "Plaintiffs") bring this class action lawsuit against S-L Distribution Company, LLC ("Defendant") for violations of New Hampshire wage laws.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1332.

2. Venue is proper under 29 U.S.C. § 1391 because Defendant is headquartered in this judicial district and because the underlying Distributor Agreement requires that litigation occur in a federal or state court encompassing York County.

## PARTIES

3. Marston resides in Center Barnstead, NH.

1

4. Safi resides in Canterbury, NH.

5. Defendant is headquartered in Hanover, PA.

6. Prior to around 2016, Defendant operated under the name S-L Distribution Company, Inc.

## FACTS

7. Defendant, according to its website, "is a wholesale distributor of various snack food products manufactured by subsidiaries and affiliates of Snyder's-Lance, Inc."

8. Defendant pays workers to deliver/distribute snack food products to retail stores and other customers within specific geographic areas referred to as "routes." Defendant requires these workers to form corporations as a condition of doing business with Defendant and refers to the workers as "IBOs." Such terminology will be used throughout this complaint.

9. Plaintiffs work for Defendant as IBOs in New Hampshire. In order to work for Defendant, Plaintiffs were required to form corporations that are headquartered at Plaintiffs' homes.

10. Most of the products Plaintiffs and other New Hampshire IBOs deliver/distribute are manufactured outside of New Hampshire.

11. IBOs use vehicles to transport the products from Defendant's

warehouses to customers.

12. Defendant's company website states that "[t]he individual(s) who own the IBO entity must have a valid driver's license." The website further explains that "[a]n IBO is responsible for providing its own vehicle" and that "[c]ommon delivery vehicles used for this type of business are step vans, box trucks or trailers."

13. The work of Plaintiffs and other IBOs falls squarely within Defendant's usual course of business. Indeed, Plaintiffs and other IBOs are central to Defendant's core business as "a wholesale distributor of various snack food products."

14. Plaintiffs and other IBOs are not engaged in independently established trades, occupations, professions, or businesses. Rather, IBOs generally work exclusively for Defendant and their associated corporate entities generally exist for the sole purpose of working for Defendant.

15. Each week, Defendant makes diversions/withholdings from the earnings of Plaintiffs and other IBOs. These diversions/withholdings are itemized on weekly "settlement sheets" and include, *inter alia*, diversions/withholdings for route loan repayments, truck loan repayments, truck rental payments, and electronic equipment.

16. In addition, Plaintiffs and other IBOs regularly incur work-

related expenses for, *inter alia*, gas, vehicle maintenance/repair, and insurance. Defendant does not reimburse Plaintiffs and other IBOs for such expenses, which are directly related to the work Plaintiff and other IBOs perform for Defendant.

17. Both Marston and Safi independently estimate that, during the applicable limitations period, the monetary value of the deductions and expenses referenced above exceed $75,000.

## CLASS ALLEGATIONS

18. Plaintiffs bring this action on behalf of themselves and other individuals who, either individually or through a closely held corporation, performed work for Defendant or any of its related or predecessor companies (including, *inter alia*, S-L Distribution Company, Inc. and SL Routes, LLC) as an IBO in New Hampshire within the past 3 years.

19. Class action treatment of this action appropriate because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied. In particular:

(a) The class includes over 40 individuals, all of whom are readily ascertainable based on Defendant's records and are so numerous that joinder of all class members is impracticable.

(b) Plaintiffs are class members, their claims are typical of the

claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

      (c)    Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

      (d)    Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common business policies and practices, as summarized herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

      (e)    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

20.    All previous paragraphs are incorporated as though fully set forth herein.

21.    New Hampshire law provides that, except under limited circumstances not applicable here, "[n]o employer may withhold or divert any portion of an employee's wages unless . . . [t]he employer has a written

authorization by the employee for deductions for a lawful purpose accruing to the benefit of the employee." N.H. Rev. Stat. Ann. § 275:48.  Plaintiffs are statutory employees entitled to these protections.

22.   New Hampshire law also entitles employees to reimbursement for expenses incurred "in connection with his or her employment." N.H. Rev. Stat. Ann. § 275:57.  Plaintiffs are statutory employees entitled to these protections.

23.   Defendant violated New Hampshire law by subjecting Plaintiffs and other class members to the types of diversions/withholdings referenced in paragraph 15 and failing to reimburse Plaintiffs and other class members for the types of work-related expenses referenced in paragraph 16.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs seek the following relief on behalf of themselves and other class members:  (A) class certification; (B) payments equaling the value of all improper diversions/withholdings; (C) reimbursement for all work-related expenses; (D) all available penalties/statutory damages available under New Hampshire law, *see, e.g.*, N.H. Rev. Stat. Ann. § 275:57(IV); (E) pre-judgment interest; and (F) any other relief the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial.

Date:  December 20, 2019

Respectfully,

*[signature]*

Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Harold L. Lichten, Esq.*
Matthew Thomson, Esq.*
Zachary L. Rubin, Esq.*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(617) 994-5800

Chad Hatmaker, Esq.*
J. Keith Coates. Esq.*
WOOLF, MCCLANE, BRIGHT, ALLEN
& CARPENTER, PLLC
Post Office Box 900
Knoxville, TN  37901
(865) 215-1000

 * *pro hac vice* admission anticipated

*Attorneys for Plaintiff*